<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 12a0533n.06

No. 11-3277

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KENNETH S. TAYLOR; ALYCIA TAYLOR DRIGGINS, | ) )  ) | **FILED**<br><br>***May 23, 2012***<br><br>LEONARD GREEN, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Certificate Holders of Soundview Home Loan Trust 2006-Opt2, Asset Backed Certificates Series 2006-Opt2; AMERICAN HOME MORTGAGE SERVICES, INC.; ROBIN M. WILSON, both Official and Individual Capacity; THOMPSON HINE LLP; CYNTHIA STEVENS; SCOTT WALTER; SAND CANYON CORPORATION; JEANELLE GRAY; CHICAGO TITLE, et al., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| Defendants-Appellees. | ) ) | |

Before: DAUGHTREY, MOORE, and COLE, Circuit Judges.

PER CURIAM. Kenneth S. Taylor and Alycia Taylor Driggins, Ohio residents proceeding *pro se*, challenge the district court's *sua sponte* dismissal of their complaint alleging various federal and state claims related to the foreclosure on their property. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R. App. P. 34(a). For the reasons articulated below, we conclude that we lack jurisdiction over the final judgment in this case and therefore cannot review the *sua sponte* dismissal of the Taylors' complaint. However, we vacate the district court's order that denied the Taylors' motion for relief from the final judgment and remand this case for further proceedings.

On December 6, 2010, the Taylors filed a complaint against 23 defendants and effectuated service on four: Deutsche Bank National Trust Company, American Home Mortgage Servicing Inc., Thompson Hine LLP, and Robin M. Wilson — an attorney at Thompson Hine.  Construed liberally, the complaint alleged violations of various federal statutes and Ohio laws for conduct that occurred during the execution of a mortgage and subsequent foreclosure proceeding on their property.

On December 27, Thompson Hine and Robin Wilson (collectively Thompson Hine) moved to dismiss the complaint on the following grounds: (1) they were not liable for actions taken in good faith during representation of a client[1]; (2) the court lacked subject matter jurisdiction because both diversity and a federal question were lacking; (3) the *Rooker-Feldman* doctrine[2] barred the instant lawsuit; (4) the Taylors' claims in the instant lawsuit were barred by issue preclusion; and (5) the complaint failed to state a claim upon which relief could be granted.  To its motion, Thompson Hine attached several documents regarding the foreclosure case.

On December 29, the district court issued an order *sua sponte* dismissing the Taylors' case. The court concluded that the instant action was barred by the *Rooker-Feldman* doctrine because "[t]he Summit County Common Pleas Court Docket show[s] that foreclosure on [the Taylors'] property occurred on February 1, 2010."  The court also determined that *res judicata* barred the Taylors' federal case because it raised claims that could have been raised in the state foreclosure case.

On January 4, 2011, the Taylors filed an "opposition" to Thompson Hine's motion to dismiss, an "opposition" to the district court's December 29 order, and a motion for both "an order to show

_____

[1] Documents submitted with the motion indicate that Thompson Hine represented Deutsche Bank in the foreclosure proceedings.

[2] The *Rooker-Feldman* doctrine is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"  *Lance v. Dennis*, 546 U.S. 459, 460 (2006)  (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

cause" and a temporary restraining order.  The district court denied the motion in a marginal entry order on January 7.  On January 10, the Taylors filed a motion for relief from judgment, which the district court denied on January 11.  On January 14, the Taylors filed a motion in "opposition" to the district court's December 29 order, requesting a default judgment and relief from the judgment.  In a marginal entry order on January 19, the court denied this motion.  On February 11, the Taylors filed another "opposition" to the district court's December 29 order, requested a default judgment, and sought relief from the judgment.  The court denied this motion in a marginal entry order on February 14.  On February 22, the Taylors filed a motion to impose sanctions on Thompson Hine for contempt.  On March 1, the  district court denied this motion and directed its clerk "to no longer accept filings from [the Taylors] in this matter."  On March 9, the Taylors filed a notice of appeal.

In light of this case's procedural history, we conclude that we do not have jurisdiction to review the final judgment and can review only two of the district court's post-judgment orders.

The district court entered judgment on December 29, 2010.  Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the Taylors had until January 28, 2011, to file a notice of appeal from the judgment unless they filed a time-tolling motion.  *See* Fed. R. App. P. 4(a)(4)(A).  The two "oppositions" and the motion for a temporary restraining order that the Taylors filed on January 4, 2011, did not toll the running of the period for appealing the final judgment.  However, the Taylors' Rule 60(b) motion for relief from judgment, filed on January 10, did toll the time to appeal the judgment entered on December 29.  *See* Fed. R. App. P. 4(a)(4)(A)(vi).  When the district court denied this motion on January 11, the Taylors had 30 days to file a notice of appeal from the final judgment.  *See id.*   They did not do so.  Instead, the Taylors filed a second and a third motion for relief from the judgment.  These motions did not toll the time to appeal from the December 29 judgment, because only the first Rule 30(b) motion could do so unless the judgment were substantially altered in the meantime.  *See Moody v Pepsi-Cola Metro. Bottling Co.,* 915 F.2d 201, 206 (6th Cir. 1990).

Accordingly, looking back 30 days from the Taylors' March 9 notice of appeal, we have jurisdiction to review two of the district court's orders: (1) the February 14 marginal entry order

denying the Taylors' third motion for relief from judgment, and (2) the March 1 order denying the Taylors' motion for contempt and sanctions and directing the clerk not to accept any more filings from the Taylors.

We conclude that the district court erred in denying the Taylors' third motion for relief from judgment. Rule 60(b) provides that "the court may relieve a party . . . from a final judgment" when the judgment "is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). Although difficult to comprehend, the Taylor's third motion suggested that relief might be warranted under Rule 60(b)(5).

Case law regarding the pertinent provision of Rule 60(b)(5) is sparse. As the Tenth Circuit has explained: "For a judgment to be 'based on an earlier judgment' it is not enough that the earlier judgment was relied on as precedent; rather it is necessary that 'the present judgment [be] based on the prior judgment in the sense of *res judicata* or collateral estoppel.'" *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1241 (10th Cir. 2010) (quoting *Klein v. United States*, 880 F.2d 250, 258 n.10 (10th Cir. 1989)) (alteration in original).

Here, relying on the outcome of the state foreclosure proceedings, the district court reasoned that the *Rooker-Feldman* doctrine and *res judicata* barred all the Taylors' claims. In their third Rule 60(b) motion, the Taylors pointed out that the Ohio Court of Appeals, in part, had recently vacated and remanded the trial court's judgment in the foreclosure case. The state appellate court affirmed the validity of the trial court's foreclosure decree. But, because Deutsche Bank "never moved for summary judgment on the claims contained in the counterclaims," the court concluded that "there was no basis upon which the trial court could grant summary judgment with regard to Taylor's counterclaims." *Deutsche Bank Nat'l Trust Co. v. Taylor*, 2011 Ohio 435, ¶ 5 (Ohio Ct. App. Feb. 2, 2011), *appeal denied*, 948 N.E.2d 450 (Ohio 2011). The Court of Appeals therefore "remand[ed] the counterclaims to the trial court." *Id.*

The instant case therefore could be one of those rare cases "based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). *Manzanares*, 628 F.3d at 1241 ("The initial dismissal of this suit was required by the judgment against Mr. Manzanares in the *Higdon* case,

because that judgment precluded him from relitigating whether Higdon had violated his rights. When that judgment was later reversed, Rule 60(b)(5) relief became available."). But because the Taylors' motion was denied in a marginal entry order, we cannot determine whether this denial was an abuse of the district court's discretion. *See Brown v. Tenn. Dep't of Fin. & Admin.*, 561 F.3d 542, 545-46 (6th Cir. 2009) (discussing standard of review).

Accordingly, we conclude that a remand is necessary for the district court to explain its reasons for denying the Taylors relief under Civil Procedure Rule 60(b)(5). We recognize that comprehending the Taylors' complaint is an arduous undertaking and that some of the alleged causes of action do suggest the Taylors are seeking review of the judgment in the state foreclosure proceedings or are attempting to litigate claims that are most likely barred by the foreclosure proceedings. Liberally construed, however, the complaint alleges several claims that do not obviously fall under the *Rooker-Feldman* doctrine or Ohio's doctrine of *res judicata*. *See Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) ("It is ordinarily error to raise an affirmative defense sua sponte unless the defense is obvious from the face of the complaint." (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988))).

For the foregoing reasons, we VACATE the district court's orders of February 14, 2011, and March 1, 2011, and REMAND this case for further proceedings consistent with this opinion. Rule 34(j)(2)(C), Rules of the Sixth Circuit.